ALBERT GOETTMAN, RESPONDENT, *v.* THE MAYOR, ETC., OF THE CITY OF NEW YORK, APPELLANT.

*Interpreter of District Court of city of New York — officer of court and not of city government — Inspector of elections — acceptance of office of.*

The position of interpreter of a District Court of the city of New York is an office, and its incumbent is an officer.

He is, however, an officer of the court and not of the city government, and the prohibition contained in section 114 of the charter of said city (chap. 335 of 1873) against holding two offices at the same time does not apply to him.

As no person can refuse to accept the office of inspector of elections without thereby subjecting himself to a fine, the acceptance of such office cannot be regarded as prohibited by the said section.   (Per BRADY, J.)

APPEAL from a judgment recovered on a demurrer interposed to the answer of the defendants in this action.

*D. J. Dean*, for the appellant.

*Roscoe H. Channing*, for the respondent.

DANIELS, J.:

The plaintiff recovered judgment, on the decision of the demurrer, for his monthly salary as interpreter of the Sixth Judicial District

Court of the city of New York.  By the answer the only objection presented to the recovery, was his appointment to the office of inspector of elections for the eighth election district of the sixteenth assembly district, which he accepted, and held during the month for which the salary was claimed.  This was demurred to as insufficient, and the court at Special Term held that it presented no defense.  The position taken by the plaintiff's counsel in support of this conclusion, that his appointment as interpreter was not an office, cannot be sustained.  For the statute providing for the appointment denominates the appointee an officer, and the employment conferred by it an office.  (Laws of 1866, vol. 2, 1593, chap. 745, § 1.)  And that it was an office in the judgment of the legislature, appears further from the terms of another act concerning certain courts in the city of Brooklyn containing a like designation of it.  (Laws of 1871, vol. 1, 642, chap. 331.)  But while the appointment was to an office, and it made the plaintiff an officer, he was not one of the municipal officers of the city, but of the court in which his services were to be rendered.  And that court was not a part of the chartered government of the city, nor included in either of its departments, as they were created and defined by law at the time of the plaintiff's appointment.  (Laws of 1873, chap. 335, pp. 484, 491, § 26.)  The court was one of the District Courts of the city, provided for and organized under other laws of the State enacted specially for that purpose, defining their jurisdiction and course of proceeding.  (Laws of 1857, vol. 1, 707, chap. 344 ; Laws of 1865, 1397, chap. 688.)  They were made courts of the city located within it, whose expenses were to be defrayed by it without being a part of its government, as that was at the time of the plaintiff's appointment defined by its charter. In a general sense they became a part of the local government, but not of that created for mere municipal purposes.  (1 R. S. [5th ed.], 379, 380.)  That was held to be the proper construction of the laws relating to them and their officers in the cases of *Quin* v. *Mayor, etc.* (44 How., 266), and *Whitmore* v. *Mayor, etc.* (12 S. C. [5 Hun], 195).  And it was only offices held under the municipal government of the city which the charter provided should be vacated by the acceptance of another civil office of honor, trust or emolument.  (Laws of 1873, 519, § 114.)  By the acceptance of such an

office it was provided that the incumbent should be deemed thereby to have vacated every office held by him under the city government. That was the utmost limit to which the provision was extended by the act. And, as the plaintiff's office was not held by him under the city government, as the act defined it, but was simply an office of the court, in which his duties were to be exclusively discharged, it was not, by the force of this provision, vacated by the acceptance of the office of inspector of elections.

The act providing for the consolidation of the government of the city and county of New York, did not enlarge the provision made by the charter on this subject. It was adopted for other purposes, and made no change in the section under which the defendant claimed the plaintiff's office, as interpreter, had been vacated. (Laws of 1874, chap. 304.) What was not an office held under the city government, before its enactment, continued to be the same after that time. An extension of the provision made by the charter, which would include the officers of these courts, would be just and salutary; but, until it shall be made, such offices cannot be declared vacant by the acceptance of another, not in itself incompatible with that held in the court in which the duties of the officer are required to be performed. And no such incompatibility has been alleged or claimed to exist in the present case.

The judgment recovered by the plaintiff should, therefore, be affirmed.

DAVIS, P. J., concurred.

BRADY, J.:

I think this judgment should be affirmed, for the reason that, under the laws relative to elections (Acts of 1872, chap. 675, §§ 13 and 18), the person appointed as inspector of elections is bound to accept the position under a penalty; and if the proposition contended for by the appellant were maintained it would, in effect, authorize the board of police to vacate the office held by the person selected as an inspector, if he were an officer within the purview of section 114 of the charter of 1873. (Laws, chap. 335.) This was not intended by the legislature. The duties of an inspector are important, but limited in duration, and can well be discharged without interference with those pertaining to many places ·

under the city government. If it was not so, it is very clear that neither the design nor the spirit of the charter embraces the cases of persons who are, by law, compelled to accept the second position assigned them. The learned justice of Special Term was correct in his views on that branch of the case.

Judgment affirmed.